THE COMMISSIONERS OF SUMMERVILLE, plaintiffs in error, vs. ROBERT A. REID, and others, defendants in error.

[1.] On motions to dissolve injunctions, whether made in Court at Term time, or to the Judge in Chambers, the party moving is entitled to open and conclude the argument.

[2.] Upon the merits of this controversy, and without copying them, referring to the documents set out in the pleadings, we hold, (1) That the arrangement between the corporations, to-wit, The Commissioners of Summerville and the Trustees of Summerville Academy, is no violation of the Charter of Summerville Academy. (2) That its Trustees were authorized to lease the premises, for the use intended, to the Board of Commissioners of Summerville. (3) That the contract is not in violation of the intention of Mr. Cumming and wife, who founded the Academy by a donation of the lot. (4) That it is not a breach of any covenant which the Trustees entered into, with the Richmond County Academy, under which they hold as lessees. (5) That the supplementary lease of July 1st, 1866, is not a reconveyance of the premises, and does not defeat the lease. (6) That the contract between the two Boards is supported by sufficient consideration, and is advantageous, to both parties, on the one hand saving the existence of the Academy, and, on the other, greatly promoting the convenience of the Board of Commissioners, as well as the village of Summerville.

[3.] The Rule in Equity, that the appellate Court will not control the discretion of the Court below, except flagrantly violated, does not apply, where the judgment of the Court below is founded upon a misapprehension, or misconstruction, of the meaning of certain documentary evidence.

[4.] Where an injunction has been granted, and it is apparent to the appellate Court, that there is no Equity in the Bill, and that the aspect of the litigation cannot be materially changed, it will not only direct that the injunction be dissolved, but also that the bill be dismissed.

Motion to dissolve injunction.     Decided by Judge Hook. At Chambers.     October, 1866.

On the 13th of August, 1818, Thomas Cumming conveyed forever to the Trustees of the Richmond Academy, a certain lot, or tract of land, in the village of Summerville, " for the purpose of erecting thereon an Academy and such other buildings and improvements as the Trustees and their successors in office may see fit."

On the 12th of April, 1865, Ebenezer Starnes, Benjamin F. Hall, and several other inhabitants of the village of Summerville, presented their petition to the Inferior Court of Richmond County, reciting, " That upon said lot a structure has long since been erected, to be used, and which has been used, as an Academy, and certain other houses, etc., to be used by persons connected with such Academy; that for several years past, little or no attention has been given, by the

Trustees aforesaid, to the said premises, which are now very much out of repair, and as little attention to the cause of education in connection with said property; that your petitioners, as residents of said village, are more immediately interested in the cause of education there, and are willing to receive, control, and repair the said premises with reference to the purposes for which they were designed; that said Trustees are willing to transfer their right and title to them to your petitioners for these purposes, if your petitioners can be incorporated;" and praying that the petitioners and their successors in office might be incorporated by said Inferior Court, by the name and style of The Summerville Academy, for the purpose of receiving and holding the same, and all other property which they might desire to hold, to be used for the purposes of education in said village, and that they might have granted to them all such corporate franchises and privileges as are usual in such cases, and as might be expedient and proper for them in exercising and carrying into effect the objects of their association.

Upon this petition, the Inferior Court, on the day last mentioned, granted an order incorporating the petitioners and their successors in office, as The Summerville Academy, for the term of fourteen years; and declaring them capable to hold any property, real or personal, by gift, transfer, or purchase, which may be expedient and proper for the exercise of their duties in promoting the purposes of education in said village, and for the convenient and beneficial administration of the objects of their association; also, declaring them clothed with all the powers, franchises, and privileges usual in such cases, and which might be expedient in carrying the objects of their association into effect, with power to make by-laws, etc.

On the 13th of June, 1865, the Trustees of the Richmond Academy, leased to the Summerville Academy, for the term of ninety-nine years, the premises conveyed by the aforesaid deed of Thomas Cumming, together with the Academy and other buildings thereon erected, "with all the incidents and

privileges by said deed conveyed and secured" to the said Trustees of the Richmond Academy: the Summerville Academy covenanting to keep and maintain the premises for the purposes of education in said village, such as were contemplated by the founder of said Academy, and for the purpose of lodging and accommodating the teachers, their families, etc., who may be connected with said Academy, and to this end, so long as the premises are needed and can be used for these purposes, to keep them in proper repair; and, also, to pay all taxes and rates thereon, and at the end of said term, to deliver up the same, if required, reasonable wear and tear, and damage or destruction by fire or other providential cause, excepted.

On the 2d of April, 1866, the Commissioners of the Village of Summerville passed the following resolutions:

"In view of what appears to be the unanimous wish of the tax payers of the village of Summerville, namely, that the property appertaining to the Summerville Academy be leased to the Board of Commissioners of said village, and it appearing that the Board of Trustees of said Academy are willing to make such transfer:

"*Resolved*, That the Board consent to receive said property, and hereby request the Intendent of this village to prepare such papers as may be necesssary in order to legalize and perfect such transfer.

"*Resolved*, That sufficient funds be raised to enable the Board to defray existing liabilities, and such other sums as may be required to meet current expenses.

"*Resolved*, That the Intendent be authorized to execute said lease, and to sign and seal the same as for this Board.

"The Clerk presented digest with the assessment of real estate for present year, and it appearing to this Board that the assessed value of the real estate, by the assessors for said year, is $489,150; On motion, *Ordered*, that the rate of tax be fifty-five cents on the one hundred dollars of said assessed value."

On the 13th of May, 1866, the Trustees of the Summer-

ville Academy executed to The Board of Commissioners of Summerville, a lease for ninety-eight years, of "such and so much of that messuage, lot, or parcel of ground situated in the village of Summerville, in said State and county, known as the Summerville Academy and Academy lot, as the said Board of Commissioners, parties of the second part, may desire to use as a Sessions room, or place of meeting for said Board of Commissioners, and for the public purposes of said village:" the said Board of Commissioners covenanting to keep and maintain such portion of the premises as may be used by them for the purposes aforesaid, in reasonable tenantable repair, to pay taxes thereon, and at the end of the term, to deliver up the same, if required, reasonable wear and tear, and damage or destruction by fire or other providential cause, excepted; and, further, to pay and discharge the balance of the bill now due and owing by the said Trustees for and on account of the repairs which have been placed upon said premises, not to exceed the sum of two thousand dollars.

The Commissioners of Summerville being about to enforce the collection of the aforesaid tax, a large part of it for the purpose of complying with the last stipulation in the foregoing covenant, the defendants in error, a portion of the freeholders and tax payers of the village, filed their bill in Equity, praying for an injunction against the collection of so much of said tax as was designed for that object.

On the 26th of June, 1866, Judge Hook sanctioned the bill and ordered the injunction to issue.

Afterwards, on the 30th of July, 1866, the Commissioners of Summerville passed the following:

"This Board having been informed that it is admissible that the agreement made by this Board with the Board of Trustees of Summerville Academy, at the time of the lease, to the effect that the portions of the building conveyed to the Board, should not be so used as to interfere with the use of said Academy for educational purposes, or with the duties and obligations of said Trustees, arising out of the

foundation deed of Mr. Cumming, the deed of the Trustees of the Richmond Academy, or the Charter of said Summerville Academy, should be reduced to writing:

*It is, therefore, Resolved*, By this Board of Commissioners, that the Intendent be instructed to execute for this Board a deed of covenant in favor of the Trustees of Summerville Academy, or such other instrument as may be deemed expedient and proper, for the purpose of putting the agreement with them, as to the use of these rooms, in writing and under seal."

Accordingly, the Intendent, one day thereafter, executed the covenant thus provided for.

After answering the bill, and after giving ten days notice of their intention so to do, the defendants moved before Judge Hook, at Chambers, to dissolve the injunction. At the hearing of this motion, their counsel claimed the right to open and conclude the argument. The Judge decided that the right in question belonged to counsel for the complainants, and this is assigned as error.

The Judge, after hearing the argument, refused to dissolve the injunction, and this, also, is assigned as error.

Johnson, for plaintiffs in error.

Barnes & Cumming, and Ganahl, for defendants.

Lumpkin, C. J.

The first ground of error complained of in this case is one of practice. The Judge decided, that on a motion to dissolve an injunction, complainants' counsel were entitled to open and conclude the argument. It seems to be now the English rule, and the general practice throughout this State, so far as we know or are advised, that the party moving to dissolve, opens and concludes the argument, whether the motion be made in open Court or in Chambers; and this practice is shown to be founded on principle, from the very able

and conclusive argument submitted by Governor Johnson on this subject.

The next and only other error complained of is, in the the Court's deciding to hold up this injunction. This involves the whole merits of the controversy between the parties.

We think the injunction should have been dissolved by the Court, and the bill dismissed. It is admitted by the Solicitors for the tax-payers, that the authorities of Summerville had power to levy the tax which they imposed. They also disclaim having intended to impute moral fraud to the Trustees of this Academy, or the Commissioners of the village, who are pretty much one and the same persons. It is not pretended that any person, in behalf of the original donor of this property, Thomas Cumming, deceased, is here, complaining of the abuse or perversion of his donation—neither are the Commissioners of the Richmond Academy, who leased the property to the Trustees of Summerville Academy, finding fault of what has been done. Who, then, are complaining? Some of the tax-payers of the village of Summerville, for being taxed to raise money to repair the Academy, which was greatly dilapidated, and for which gratuitous contributions could not be procured. These are the persons who grumble at this arrangement, intended for the double benefit of furnishing educational means for the community, and also accommodations for municipal and other public purposes to the village.

The Judge seems to put his judgment wholly on the leases which have been used to convey this property, and has come to the conclusion, that a legal fraud has been perpetrated by their means, and, therefore, concludes to hold up the injunction; whereas, in our view of these documents, we think we should not only have dissolved the injunction, but also dismissed the bill. This is not one of the cases where this Court will not interfere with the discretion of the Court below unless it has been flagrantly violated.

We hold that His Honor misapprehended the design and

effect of these papers. For instance, we hold that the supplementary instrument made by the municipality of Summerville, instead of reïnvesting Summerville Academy with all the rights which the former had conveyed by the previous lease, served only to explain what might be considered doubtful in the previous lease.

Read the papers in this case carefully, and there is the design, steadily adhered to from the beginning, to maintain the purpose for which this endowment was made by Mr. Cumming. And as to the Trustees of the Academy being censurable for reïmbursing themselves out of their own Treasury, for moneys which they had advanced to make the necessary repairs, we see nothing wrong in that, but the evidence of a praiseworthy liberality in furnishing, from their private means, funds to save the building from decay and ruin; and whether they will apply these taxes, raised to pay for these repairs, to their own use, or to donate it to widows and orphans to pay their taxes, is a matter entirely for their own decision, and with which nobody has the right to interfere.

Concurring, as we do, in the following conclusions, at which the plaintiff's counsel arrived, namely: "That the arrangement between the corporations is no violation of the charter of the Summerville Academy; that its Trustees, under the incidental power which the law attaches to all corporations, were authorized to lease the premises, for the use intended, to the Board of Commissioners of Summerville; that the contract is not in violation of the intention of Mr. Cumming and his wife, who founded the Academy by a donation of the lot; that it is not a breach of any covenant which the Trustees entered into with the Richmond County Academy, under which they hold as lessees; that the supplementary deed of July 1st, 1866, is not a reconveyance of the premises, and does not defeat the lease; that the contract between the two Boards is supported by sufficient consideration, and is advantageous to both parties—on the one hand, saving the existence of the Academy, and on the other, greatly pro-

moting the convenience of the Board of Commissioners, as well as of the village of Summerville;"

And believing that the aspect of this litigation, depending, as it does, upon documentary evidence, and to save further expense and harrassment, we reverse the judgment of the Court below, in not dissolving the injunction, and further direct that the bill be dismissed.

Judgment reversed.